UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>JACK ALLEN ROBERSON,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:23-cr-00123-LK<br><br>ORDER GRANTING IN PART MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DATES |

This matter comes before the Court on Defendant Jack Allen Roberson's Unopposed Motion to Continue Trial and Pretrial Motions Deadline. Dkt. No. 30. Mr. Roberson moves to continue the trial date from October 2, 2023 to March 25, 2024, and to continue the pretrial motions deadline from August 24, 2023 to February 26, 2024. *Id.* at 1.[1] The Government does not oppose Mr. Roberson's motion. Dkt. No. 30 at 1.

---

[1] The Court notes that Mr. Roberson filed his motion to continue on the deadline to file pretrial motions. *See* Dkt. No. 22 (setting the pretrial motions deadline as August 24, 2023). Although the Court finds good cause to extend the pretrial motions deadline, it cautions Mr. Roberson that pursuant to Section I.A. of this Court's Standing Order for All Criminal Cases, motions to continue the trial date and pretrial motions deadline must be made *prior* to the pretrial motions deadline. The Court expects strict compliance with its Standing Order and the applicable laws and rules moving forward, and reminds the parties that "a failure to timely raise a pretrial objection required by Rule 12, absent

ORDER GRANTING IN PART MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DATES - 1

On July 17, 2023, Mr. Roberson made an initial appearance before United States Magistrate Judge S. Kate Vaughan after being arrested on a complaint. Dkt. Nos. 1, 4. On July 23, 2023, a federal grand jury indicted Mr. Roberson with one count of Abusive Sexual Contact aboard an aircraft in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1). Dkt. No. 15 at 1–2. He pleaded not guilty to the charge at his August 3, 2023 arraignment and remains on bond with special conditions. Dkt. Nos. 22, 26–28.

Counsel for Mr. Roberson represents that because the alleged assault occurred on a cross country flight from Atlanta to Seattle, "the witnesses are located throughout the United States, including Washington, South Carolina, Georgia, and Florida. The defense cannot locate and interview the necessary witnesses within the existing timeframe for trial." Dkt. No. 30 at 2. Counsel also states that he "anticipates that additional discovery will be forthcoming" including "the victim's statement regarding her alleged assault." *Id.* Defense counsel states that he needs additional time "to review that evidence with Mr. Roberson in order to assess whether to proceed to trial and whether Mr. Roberson has any viable pretrial motions," and those efforts may be delayed by Mr. Roberson's limited availability when he enters an inpatient drug treatment program next week. *Id.* Mr. Roberson has filed a speedy trial waiver "knowingly, voluntarily, and with advice of counsel" waiving his right to a speedy trial through April 8, 2024. Dkt. No. 31.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Mr. Roberson in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for

---

a showing of good cause, constitutes a waiver[.]" *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021) (cleaned up).

1  more time to obtain and review discovery, consider pretrial motions and defenses, consult with
2  Mr. Roberson, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that
3  the additional time requested is a reasonable period of delay and will be necessary to provide
4  counsel and Mr. Roberson reasonable time to accomplish the above tasks.

5  With respect to Mr. Roberson's request to continue the pretrial motions deadline to
6  February 26, 2024, the Court typically requires pretrial motions to be filed at least six weeks prior
7  to trial. Mr. Roberson sets forth no reason why he would not be able to file pretrial motions by that
8  time.

9  For these reasons, the Court GRANTS IN PART Mr. Roberson's motion, Dkt. No. 30, and
10 ORDERS that the trial date for Mr. Roberson shall be continued from October 2, 2023 to March
11 25, 2024, and the pretrial motions deadline is extended to February 12, 2024. It is further
12 ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date
13 of this Order to the new trial date is EXCLUDED when computing the time within which Mr.
14 Roberson's trial must commence under the Speedy Trial Act.

15 Dated this 25th day of August, 2023.

*/s/ Lauren King*
Lauren King
United States District Judge