UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JACK ALLEN ROBERSON,<br><br>Defendant. | CASE NO. 2:23-cr-00123-LK<br><br>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE |

This matter comes before the Court on the Government's Motion for a Protective Order. Dkt. No. 29. The Government seeks to limit who can obtain a copy of the child forensic interview conducted in this case and require that any copies of the interview be filed under seal. *Id.* at 1–2; Dkt. No. 29-1 at 1–2 (proposed protective order). For the reasons set forth below, the Court grants the motion in part and denies it in part.

**I. BACKGROUND**

On July 23, 2023, a federal grand jury indicted Mr. Roberson with one count of Abusive Sexual Contact aboard an aircraft in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1).

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 1

1   Dkt. No. 15 at 1–2. He pleaded not guilty to the charge at his August 3, 2023 arraignment and
2   remains on bond with special conditions. Dkt. Nos. 22, 26–28.

3   The Government filed this motion for a protective order to limit distribution of the forensic
4   interview of the 15-year-old victim ("the Protected Material") only to the defense team, the United
5   States Attorney's Office, federal law enforcement agencies, and to the Court "as necessary to
6   comply with the government's discovery obligations." Dkt. No. 29-1 at 1–2; Dkt. No. 1 at 3 (the
7   minor's age). This limitation would preclude Mr. Roberson from obtaining a copy of the Protected
8   Material, but it would not "prevent defense counsel from sharing *the information in* the Protected
9   Material with his client." Dkt. No. 29 at 2 (emphasis added). The Government requests that the
10  Court impose this protective order to "balance the need for production of this information against
11  the harm that disclosure may cause this individual, particularly given that the Protected Material
12  depicts the child victim's recorded voice and image when describing highly sensitive details of
13  abuse upon the child." *Id.* at 1.

14  Mr. Roberson opposes the motion. He currently resides in an alcohol treatment facility in
15  Spokane, Washington, and upon completion of the program he will reside with family in Michigan,
16  subject to home detention. Dkt. No. 33 at 1. Due to his location and the fact that he is indigent, "he
17  will be unable to assist in his defense, and the defense will be unable to provide constitutionally
18  adequate representation," if his attorney "cannot provide him a copy of the important discovery."
19  *Id.* He further states that he has "no intention" of sharing the Protected Material, and he will agree
20  to a modification of "the terms of his pretrial release to forbid him from distributing the recording."
21  *Id.*

## II.  DISCUSSION

23  Federal Rule of Criminal Procedure 16 "grants criminal defendants a broad right to
24  discovery, requiring disclosure of all documents 'material to preparing the defense[.]'" *United*

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 2

States v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013) (first set of quotation marks and citation omitted) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). For good cause shown, the Court may "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "The party seeking a protective order bears the burden of showing that there is good cause for the Court to issue the order." United States v. Stephens, No. CR21-0129-JCC, 2021 U.S. Dist. LEXIS 229211, at *2 (W.D. Wash. Nov. 30, 2021).

Here, the Government concedes the materiality of the Protected Material but argues that the Court should preclude Mr. Roberson from viewing it in balancing the need for production against the harm disclosure may cause the alleged victim. Dkt. No. 29 at 1; see also 18 U.S.C. §§ 3771(a)(1), (a)(8), (d)(1). The Court is sensitive to the alleged victim's privacy concerns, particularly because she is a minor. However, the Government's "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Stephens, 2021 U.S. Dist. LEXIS 229211, at *2 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotations omitted)). And Mr. Roberson has stated that he cannot participate in his defense, and his attorney cannot adequately represent him, unless Mr. Roberson is able to review the Protected Material. Dkt. No. 33 at 1. The Government did not respond to those assertions. Nor has the Government explained why a protective order limiting dissemination of the Protected Material and/or Mr. Roberson's proposed modification of the conditions of his pretrial release are insufficient. Therefore, the Court declines to preclude Mr. Roberson from receiving a copy of the Protected Material.

Mr. Roberson does not object to the limitation precluding him and the defense team from disseminating the Protected Material to others. The Court finds that the Government has shown good cause for that limitation and grants it as set forth below. To ensure that the limitation "attaches concrete consequences—including immediate revocation of release—to improper distribution,"

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 3

1  Dkt. No. 33 at 1–2, the Court also modifies the terms of Mr. Roberson's pretrial release to forbid
2  him from violating the protective order.
3        Finally, the Court considers the Government's inclusion in its proposed protective order of
4  a requirement that Protected Material be filed only under seal. Dkt. No. 29-1 at 2 (seeking a
5  provision requiring that "[a]ny Protected Material that is filed with the Court in connection with
6  pretrial motions, trial, or other matters before this Court, shall be filed under seal and shall remain
7  sealed until otherwise ordered by this Court."). In considering that request, "[t]he Court starts from
8  the position that there is a strong presumption of public access to its files." *United States v. Wondie*,
9  No. CR18-315-RAJ, 2023 WL 3948680, at *1 (W.D. Wash. June 12, 2023) (cleaned up). In
10 addition, Local Criminal Rule 55(c) requires that a motion to seal "set forth a specific statement
11 of the applicable legal standard and the reasons for keeping a document under seal, with
12 evidentiary support from declarations when necessary." The Government's motion does not
13 include that information or address its request to seal the Protected Material. Accordingly, the
14 Court denies the request to seal without prejudice. The parties may file a compliant motion to seal
15 if they seek to file the Protected Material.

### III.  CONCLUSION

17       For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the
18 Government's Motion for a Protective Order. Dkt. No. 29.
19       The Court MODIFIES the terms of Mr. Roberson's pretrial release to forbid him from
20 violating the protective order below.
21       The Court enters the following Protective Order:
22       1. <u>Permissible Disclosure of Protected Material</u>.
23       The child forensic interview conducted of the minor-aged victim in this case is deemed
24 "Protected Material." The United States will make available copies of the Protected Material to

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 4

defense counsel to comply with the Government's discovery obligations. Possession of the Protected Material is limited to defense counsel, as well as his investigators, paralegals, assistants, law clerks, and experts (hereinafter collectively referred to as "members of the defense team") and to Mr. Roberson, who may receive a single copy of the Protected Material.

Mr. Roberson and members of the defense team may not provide copies of the Protected Material to other persons. In addition, defense counsel is required to provide a copy of this Protective Order to Mr. Roberson and members of the defense team and obtain written consent from Mr. Roberson and members of the defense team of their acknowledgment to be bound by the terms and conditions of this Protective Order, prior to providing any Protected Material to them. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, and to the Court and defense as necessary to comply with the Government's discovery obligations.

2. <u>Nontermination and Return/Destruction of Protected Material</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

//

//

//

//

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 5

3. <u>Violation of Any Terms of this Order</u>

Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions or consequences as deemed appropriate by this Court.

Dated this 13th day of September, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MODIFYING TERMS OF PRETRIAL RELEASE - 6