UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JACK ALLEN ROBERSON,<br><br>                    Defendant. | CASE NO. 2:23-cr-00123-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendant Jack Allen Roberson's Motion for Transportation and Lodging Expenses. Dkt. No. 55.[1] Mr. Roberson, who resides in Michigan, requests "to appear by videoconference at his misdemeanor sentencing hearing on June 5, 2024." Dkt. No. 55 at 1. In the alternative, if that request is denied, he "asks the Court to enter an order directing the U.S. Marshal and U.S. Pretrial Services to furnish transportation and subsistence expenses for his travel to and return from his sentencing hearing." *Id.* Mr. Roberson represents that the Government opposes the request for remote sentencing. *Id.*

---

[1] Mr. Roberson initially filed his motion *ex parte*, but then requested that the Court remove that designation and re-note the motion on the Court's motions calendar. *See* May 21, 2024 Docket Entry.

ORDER TO SHOW CAUSE - 1

Pursuant to 18 U.S.C. § 4285, the Court "may" order the U.S. Marshal to arrange for a defendant's transportation or furnish the fare for such transportation "to the place where his appearance is required" if the Court "is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own[.]" And 18 U.S.C. § 3154(4) permits Pretrial Services to "expend funds" on "services reasonably deemed necessary to . . . ensure that [defendants] appear in court as required." Here, Mr. Roberson's motion states that he "is indigent," Dkt. No. 55 at 2, but he has not filed any information with the motion to allow the Court to evaluate his ability to pay. His financial affidavit, filed in July 2023, appears out of date. Dkt. No. 2. Accordingly, the record is insufficient to allow the Court to evaluate the request.

An additional problem exists: Mr. Roberson's delay in filing this motion, which is noted for Sunday, June 2, 2024,[2] has left insufficient time for the Court to consider the motion—and if necessary, for the U.S. Marshal and Pretrial Services to arrange his transportation and housing—before his June 5, 2024 sentencing.[3] Furthermore, if the Court were to grant Mr. Roberson's alternative request to order the U.S. Marshal to arrange and pay for his airfare, the cost of such last minute travel could be exorbitant.

Accordingly, Mr. Roberson is ORDERED to show cause by May 24, 2024 why the motion should not be denied based on the lack of financial information and the late filing. His response should also address whether sentencing should be continued due to the belated motion. The Government may file its response to the motion and to Mr. Roberson's response to the order to

---

[2] Under Local Criminal Rule 45(a), Mr. Roberson's reply brief is due June 3, 2024.

[3] The June 5, 2024 sentencing date was set on March 8, 2024. Dkt. No. 47.

ORDER TO SHOW CAUSE - 2

show cause by May 28, 2024. The U.S. Marshal and Pretrial Services may, but are not required to, file a response to the motion by May 30, 2024.

The Clerk of Court is directed to send copies of this Order to all parties of record, to the U.S. Marshal, and to Pretrial Services.

Dated this 22nd day of May, 2024.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3