UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACK ALLEN ROBERSON,

Defendant.

CASE NO. 2:23-cr-00123-LK

ORDER DENYING MOTION FOR REMOTE HEARING AND ALTERNATE REQUEST FOR TRANSPORTATION AND LODGING EXPENSES

This matter comes before the Court on Defendant Jack Allen Roberson's Motion for Transportation and Lodging Expenses. Dkt. No. 55. Mr. Roberson, who resides in Michigan, requests "to appear by videoconference at his misdemeanor sentencing hearing on June 5, 2024." *Id.* at 1. In the alternative, if that request is denied, he "asks the Court to enter an order directing the U.S. Marshal[] and U.S. Pretrial Services to furnish transportation and subsistence expenses for his travel to and return from his sentencing hearing." *Id.* The Government opposes the request for remote sentencing but does not object to the authorization of travel expenses. Dkt. No. 65 at 1. For the reasons set forth below, the Court denies both requests.

## I. BACKGROUND

On July 23, 2023, a federal grand jury indicted Mr. Roberson with one count of Abusive Sexual Contact aboard an aircraft in violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506(1). Dkt. No. 15 at 1–2. He pleaded not guilty to the charge at his August 3, 2023 arraignment and was released on bond with special conditions. Dkt. Nos. 22, 26–28. When he was released, he began a 30-day inpatient alcohol treatment program; since completing that program, he has resided with his daughter in Hale, Michigan. Dkt. No. 55 at 1–2. One of his conditions of release requires him to return to Seattle, Washington for all hearings in this case. Dkt. No. 28 at 1.

Mr. Roberson pleaded guilty to the charge of Simple Assault in violation of Title 18, United States Code, Section 113(a)(5), the lesser-included offense of Abusive Sexual Contact, as charged in Count 1 of the Indictment. Dkt. No. 46 at 1–2; *see also* Dkt. No. 15 at 1–2. On March 8, 2024, the Court accepted his plea of guilty, adjudged him guilty of that offense, and ordered him to appear for sentencing on June 5, 2024. Dkt. No. 47 at 2.

Two and a half months after the sentencing date was set, Mr. Roberson filed this motion to appear at his sentencing by videoconference, or, in the alternative, for the Government to pay for his travel expenses. Dkt. No. 55. The Court issued an order to show cause why the motion should not be denied because it was untimely and Mr. Roberson failed to file any information with the motion documenting his alleged inability to pay. Dkt. No. 57 at 2. Mr. Roberson responded and provided a declaration stating that he receives a monthly income of $2,360, incurs approximately $1,875 in expenses, and has approximately $2,000 in savings. Dkt. No. 58-1 at 1–2.

## II. DISCUSSION

### A. The Request for a Remote Hearing is Denied

In general, a criminal defendant "must be present" at sentencing. Fed. R. Crim. P. 43(a)(3). "Present" generally means physically present. *See Valenzuela-Gonzalez v. U.S. Dist. Ct.*, 915 F.2d

1276, 1280 (9th Cir. 1990) (finding that appearance by closed circuit television did not satisfy the presence requirement absent a finding of necessity by the court).[1] An exception to the physical presence requirement exists if "[t]he offense is punishable by fine or by imprisonment for not more than one year, or both," "the court permits . . . sentencing to occur by video teleconferencing or in the defendant's absence," and the defendant consents in writing. Fed. R. Crim. P. 43(b)(2). "[L]ike a waiver of appearance, the language used is discretionary: participation by video conference is permitted only with the defendant's written consent *and* the Court's permission." *United States v. Hiramanek*, No. 6:16-po-00345-MJS, 2017 WL 1349580, at *2 (E.D. Cal. Apr. 6, 2017).

Mr. Roberson seeks to appear at his sentencing by videoconference because it will save him costs and time, and he notes that the victim, who lives in Florida, can participate by videoconference rather than traveling to Seattle. Dkt. No. 55 at 2–3. The Government concedes that "[t]he crime of simple assault is a misdemeanor punishable by a term of imprisonment of not more than one year," and therefore "a video conference sentencing could occur with permission of the Court and consent of [Mr. Roberson]." Dkt. No. 65 at 3 (citing 18 U.S.C. § 113(a)(5)). However, the Government opposes the motion because the crime is not a victimless one, the victim "was extremely affected by the defendant's actions against her," and her family has purchased tickets to attend the sentencing hearing in person "and should be given the opportunity to address the Court in the defendant's presence and explain the substantial impact the defendant's actions have had on the victim." *Id.*

The Court agrees with the Government that an in-person hearing reflects the seriousness of the crime and allows the victim's family to address the Court in person as they desire. Dkt. No. 65 at 3; *United States v. Moreno*, No. 6:22-po-00487-HBK, 2023 WL 1421466, at *1 (E.D. Cal.

[1] Mr. Roberson does not argue that his remote appearance is necessary here.

Jan. 30, 2023) (noting that "criminal proceedings require a certain solemnity, and the physical presence of all parties contributes to the fairness, integrity and public function of the proceeding"). In light of those considerations, Mr. Roberson's convenience and cost savings are not sufficient reasons to conduct the sentencing by videoconference, and the Court declines to permit Mr. Roberson to appear by videoconference.

**B. The Request for Travel Expenses is Denied**

Pursuant to 18 U.S.C. § 4285, the Court "may" order the U.S. Marshal to arrange for a defendant's transportation or furnish the fare for such transportation "to the place where his appearance is required" if the Court "is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own[.]" And 18 U.S.C. § 3154(4) permits Pretrial Services to "expend funds" on "services reasonably deemed necessary to . . . ensure that [defendants] appear in court as required."

Establishing a financial inability to pay is an "especially heavy burden." *See United States v. Forest*, 597 F. Supp. 2d 163, 165 (D. Me. 2009). "The fact that a defendant may be indigent for purposes of appointment of counsel is a different standard" and insufficient to meet that heavy burden. *United States v. Sawa*, No. 1:22-CR-00241-JLT-SKO, 2023 WL 7284796, at *1 (E.D. Cal. Nov. 2, 2023) (cleaned up).

Mr. Roberson does not explain how he plans to travel to Seattle or specify his anticipated costs. He states that he spent "approximately $1200 to drive to Seattle for [his] change of plea" hearing and anticipates that traveling for his sentencing "will be less expensive because [he] will not have to rent a car." Dkt. No. 58-1 at 2. Even if the trip ultimately costs $1,200 as it did before, Mr. Roberson has not demonstrated an inability to pay that amount. He currently has approximately $2,000 in savings, he identifies no dependents, and his monthly income exceeds his expenses by nearly five hundred dollars. *Id.* at 1–2. He has thus failed to meet his burden of

demonstrating that he is financially unable to pay to travel for his sentencing or that Government-funded payment of his expenses is necessary to ensure his presence at sentencing. Accordingly, the Court denies the motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Roberson's motion for a remote hearing and his alternate request for travel expenses. Dkt. No. 55.

Dated this 30th day of May, 2024.

Lauren King
United States District Judge